# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DA'VHON YOUNG,**

    **Plaintiff,**

**vs.**                                                     **Case No.: 4:23-CV-00075-WS-MAF**

**OFFICER ROBERT KELLY,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 7. Plaintiff is no stranger to the federal courts.

The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, for the reasons stated below, this case should be dismissed as malicious because Plaintiff affirmatively misrepresented his litigation history.

**I.  Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted

where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in

Case No. 4:23-CV-00075-WS-MAF

which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues Robert Kelly, a Tallahassee police officer, and Savannah Bingham, an assistant state attorney, solely in their official capacities. ECF No. 1, pp. 2-3 According to Plaintiff, on June 9, 2019, Kelly arrested Plaintiff and charged him with aggravated battery with great bodily harm. Id., p. 5. Plaintiff was found not guilty following a criminal trial. Id., p. 6. Plaintiff provides no set of facts against Bingham. Plaintiff claims his rights under the Fourth-, Fifth-, Eighth-, and Fourteenth Amendment were violated. Id., p. 7. Plaintiff claims false imprisonment, defamation, and emotional and mental suffering. Plaintiff seeks $1,000,000 in damages from the Tallahassee Police Department but does not name it in his complaint. Id. Plaintiff also seeks $1,000,000 from the State of Florida but does not name the state either. Id.

Because Plaintiff fails to provide any set of facts against Bingham and seeks relief from entities not named as defendants in this case, the complaint is a shotgun pleading. Although ordinarily a plaintiff would be granted

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

opportunity to properly amend, the Court should forgo that courtesy given Plaintiff's affirmative misrepresentations regarding his litigation history.

Plaintiff was required to respond truthfully to questions about his prior litigation history including any appeals. ECF No. 1, pp. 8-12. Plaintiff did not list any of his federal cases. Id. Plaintiff only listed one state case, Leon County Case 37-2022-CA-002228, a civil action. Plaintiff does not identify the underlying criminal case. The complaint form provides the following warning: ". . . failure to disclose *all* prior cases—including, but not limited to civil cases, habeas cases, and appeals--may result in the dismissal of this case." Id., p. 8 (emphasis added).

### III.  Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII, Question A asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" ECF No. 1, p. 9. Plaintiff responded, "No." Id. The day before Plaintiff initiated the instant case, this Court dismissed Young v. State of Fla., N.D. Fla. No. 4:22-cv-00464-WS-MJF for failure to state a claim, which counts as a "strike" under the Prison Litigation Reform Act. Plaintiff did not date the instant complaint, but the Court received his complaint on February 16, 2023, and opened this case. Even assuming, Plaintiff was not in receipt of the decision

in Case No. 4:22-cv-00464-WS-MJF, at least, Plaintiff should have listed the case in his response to Question C. See ECF No. 1, p. 10.

Next, Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10. Plaintiff answered, "No." Id. Plaintiff's statement is false.

Plaintiff had at least five other federal cases. The Court will not list all of them because it will not assume Plaintiff's responsibility to disclose them. It is sufficient to say that Plaintiff filed at least two other cases against Defendant Kelly, namely, N.D. Fla. Nos. 4:20-cv-00243-MW-HTC and 4:21-cv-00399-WS-MAF.

The complaint form contains a "Certification" section (Section IX(1)), which states: "*I declare, under penalty of perjury, that all of the information stated above (including all continuation pages) is true and correct.*" ECF No. 1, p. 12. Plaintiff signed the complaint under penalty of perjury. Id., p. 13.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS

173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his litigation history under the penalty of perjury. Plaintiff's *pro se* status does not excuse him from conforming to the Rules. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required, and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there

Case No. 4:23-CV-00075-WS-MAF

would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

Plaintiff will not be prejudiced by this dismissal. He may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases, subject to a new case number and filing fee. Dismissal is appropriate.

Case No. 4:23-CV-00075-WS-MAF

## IV. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 2nd day of March, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No. 4:23-CV-00075-WS-MAF